# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

PATRICK BERNARD INGRAM §
(TDCJ NO.1669001), §
§
    PETITIONER, §
§
V. §
§
LORI DAVIS, Director §
TEXAS DEPARTMENT OF Criminal Justice §
Correctional Institutional Division, §

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FILED**

**JUL 24 2020**

CLERK, U.S. DISTRICT COURT
By _____ Deputy

3:20-CV-780

---

# MOTION FOR INJUNCTION RELIEF

Patrick Bernard Ingram, A TEXAS Prisoner, Filing Pro Se filed a MOTION IN the UNITED STATES District court, asking the federal Court to exercise Jurisdiction Ordering a "Special Condition Parole," which the Clerk interperted as a Complaint requesting relief under 42 U.S.C. § 1983.

However, the U.S. DISTRICT Court found that PETITIONER MOTION FELL between TWO VENUES. 42 U.S.C § 1983 and 28 U.S.C § 2254. Because PETITIONER WAS SEEKING RELEASE by Challenging the Conditions OF his Prison, the Court held he must first exhaust state court Remedy Pursuant 28 U.S.C § 2254 (b)(1)(A): Lounachan v. Davis, 766 F. App'x 156, 159 (5th cir. 2019)

PETITIONER has Filed IN STATE Court; The DALLAS County DISTRICT ATTORNEY SAID That they RECEIVED PETITIONERS' Application ON April 22, 2020, see WO9-52629 M(E) EX PARTE, INGRAM.

-1-

The Trial Court did NOT ENTER ANY finding of fact and Conclusion of Law. Therefore, Pursuant article 11.07 TEXAS CODE of Criminal Procedure, "It is the Duty of the Court to enter an order within the 20 day Period after expiration of the trial (time) ALLOWED for the State to reply, designating the issues of fact to be resolved. The Statue does not supply authority to the trial court to extend the time limitations Imposed by the Statue, see. Martin V. Hamlin, 25 S.W.3d 718, 719 (Tex. Cr. APP. 2000)

PETITIONER has Sought relief in State Court Pursuant to Art. 11.07, And by operation of Law, the time for the trial Court has expired. PETITIONER has exhausted State Court remedies and NOW Seeks federal relief. Thereby the States Failure to Follow the Law Per written order.

## I.

## Subject MATTER Jurisdiction

This Court NOW has Subject Matter Jurisdiction Pursuant FEDERAL Rule of Civil Procedure Rule 56(f), 42 U.S.C § 1983, and 28 U.S.C. § 2254

PETITIONER ASSERTS that this Court should order Special Condition Parole due to the extraordinary circumstance of the Covid-19 Pandemic, And the TEXAS DEPARTMENT of Criminal Justice - Institutional Division (TDCJ-ID) inability to Not only Provide A Safe environment but adequate Medical attention which gives rise TO deliberate indifference and Eighth AMENDMENT Clause Violation.

The Cruel and unual Punishment Clause of the Eighth Amendment Proscribes More then Physical barbarous Punishment, the Amendment embodies broad and idealistic Concept of dignity Civilized Standards, humanity and decency, against which Penal MEASURE MUST be evaluated GAMBLE V. ESTELLE, 429 U.S. 97, 97 S.Ct. 285 (1976)

-2-

In Order to State a Cognizable Claim, a Prisoner must allege acts or OMissions Sufficiently harmful to evidence "Deliberate indifference" to Serious Medical needs. Estelle V. Gamble, Supra.

PETITIONER filed a Complaint Per Unit Grievance about failure to Properly Monitor Offender Movement in Lockdown Status— Which allowed unauthorized and authorize Offenders to Move/Work in Covid-19 Hot Spots and return to the living area— thereby infecting others.

The Unit warden ensured all Offenders and Staff were to Follow all Safety Procedures in Place. See Grievance No. 2020 12 2505 (May 18, 2020)

PETITIONER Filed in Federal Court but the PETITION Was dismissed Without PREJUDICE for Failure to exhaust STATE Court REMEDIES.

PETITIONER had Filed in STATE Court, the District ATTORNEY of Dallas County Said that they RECEIVED PETITIONERS 11.07 Application on April 22, 2020. HoweVER, The District ATTORNEY Concluded that he was unsure if the 11.07 Writ was even the Proper Vehicle—but ASSERTING that PETITIONER Did Not ALLEGE that he was ill or had been, Which would be the threshold, citing MUNIZ V. TEXAS DEPT'T of Criminal Justice, No. 13-06-366-CV, 2008 WL 2764518, *2 (Tex. App-Corpus christi; July 17, 2008, No PET) citing Smith V. Carpenter, 316 F.3d 178, 183-84 L2d Cir. 2003

However, Per Governor ABBOTTS' ORDER that all offenders and Staff be tested. On May 25, 2020 PETITIONER received Notice that he had tested Positive for Covid-19. PETITIONER Was Moved to the Unit gym for Isolation. (No Medical Attention was given, ONly temperature CHecks— EVENthough PETITIONER Complained of Headaches AND Trouble Breathing.

-3-

PETITIONER HAS BEEN IN Isolation/RECOVERY SINCE MAY 25, 2020. This is another failed attempted to Protect PRISONERS, because we have had PRISONERS test Positive here as well; Pass the 14 Day TIME Period.

Although the Number OF Positive Covid-19 PRISONERS APPEAR to be down, OFFENDERS ARE still being infected AND ARE Placed iN Housing AREAS with other OFFENDERS — When this error Is discovered the infected PRisoNER Is Quickly removed, But the damage is done

## II.

## Deliberate INdifference

PETITIONER, futher CONtends that The TEXAS DEPARTMENT of Criminal Justice (TDCJ-ID) has acted with "Deliberate INdiff-eReNCe from the Very beginNing OF the Pandemic OF Covid-19. TDCJ-ID Had Not oNly failed to RESPOND reasoNably, but Failed to be transperant with the infected Numbers of both STAFF and PRisoNers.

IN APril OF 2020, TDCJ-ID PRisoN OFficials willfully Made the irresponsible decision to transfer 128 Covid-19 INfected PRisoNers To BrazoRio CouNty, TX; ANO DiViDeo these PRisoNers up and Placed them iN different units — thereby infecting both STAFF and PRisoNers.

Failing to CONsider That SOUTH EAST TEXAS WAS a HOTSPOT AT that TIME ANO TDCJ-ID Failed to Notify County OFficials that They WERE Dumping 128 infected prisoners in their BACKYARD. This act Was a Obvious disregard of Not oNly the PrisoN PopulatioN but Public safety as Well, i.e STAFF MEMbER WOuld Carry the Covid-Virus back to their homes' AND CommuNity.

[A] Prison official is deliberate indifferent when he knows or should have known of a sufficiently serious danger to an inmate" Young V. Quinlan, 960 F.2d 351, 360-61 (CA 3 1992)

"In Prison-Condition cases that state of mind is one of deliberate indifference" to inmate health or safety, Wilson, 501 U.S. at 302-303, 111 S.ct at 2326, see. also Helling, 509 U.S. 34, 113 S.ct 2481; Hudson V. McMillian, 112 S.ct 998.

The civil law generally calls a person reckless who acts or (if the person has a duty to act) fails to act in the face of an justifiably high risk of harm that is either known or so obvious that it should be known. See Prosser and Keeton § 34, pp. 213-214; Restatement (second) of torts § 500 (1965)

The very high state of mind prescribed by Whitley does not apply to Prison condition cases," Wilson supra 501 U.S. at 302-303 Deliberate indifference entails something more then Negligence but is satisfied by the same" Farmer, 511 U.S. 825

Petitioner contends it is cause for this court to order a special condition parole, when it is clear that TDCJ-ID is unable to provide Living conditions that can ensure that prisoners will not be exposed, due to TDCJ-ID Negligence and slow response to the potential risk of Covid-19.

At this time, There is no known cure for this virus and we are receiving new information as to the virus ability to mutate. The Pandemic could continue for the next 12 months; and some medical reports conclude that the virus can be contracted a second time.

Whereas, to be exposed to a deadly virus – is not authorized punishment. Petitioner has been infected once and continue suffer from the after effects of this virus. This is a 8th Amendment clause violation.

-5-

FURTHERMORE, PETITIONER'S MEDICAL RECORDS from TEXAS TECH UNIVERSITY HEALTH SCIENCE CENTER DATING BACK TO 2013, SHOWS "Chronic symptons OF HYPERINFLATE Lungs, suggesting air-trapping disease from asthma and /or Chronic Obstructive Pulmonary disease" [citing MEDICAL REPORT From T.T.U.H.S]

Considering PETITIONERS MEDICAL STANDING HE is High Risk AND the COVID-19 Could Prove Fatel — WHEN it is A virus that ATTACKS the respiratory System.

# CONCLUSION

WHEN A Prisoner SEEKS injunction relief, A Court NEED Not ignore the Prisoners failure to take advantage of Adequate Prison Procedure Such Procedure may properly be Compelled to Pursue them". Farmer v. BRENNAN, 511 U.S. 825

"A Prison Official may be held liable uNder the Eighth AMEND-MENT for acting with deliberate indifference to inmate health Safety ONly if he KNOWS that inmates face a Substantial risk OF Serious harm and disregards that risk by failing to take reasonable measures to abate it" Farmer, supra

PETITIONER CoNtends that TDCJ-ID Prison OFFICIALS had Subjective Awareness OF the risk OF Potential danger IN Not Making Sure infected Staff had been tested.

Moreover, it was only after Prisoners filed Suit on Other units, that TDCJ-ID begin to implement Preventive Measures.

Therefore, it can be concluded that TDCJ-ID had Knowledge OF the Potential Health risk, but did Not Make any effort until Court ordered it to to SO

PETITIONER TESTED Positive after TDCJ-ID officials KNEW OF the breach in the Health and Safety Procedures. Which is a Prima facie showing of Neglect AND deliberate indifference Furthermore, TDCJ-ID continues to SHow their willful disregards for FEDERAL Courts orders.

Therefore, Petitioner would now ask this court to order his supervised release to parole under the condition that he follow guidelines set-forth By the Board of Pardon Paroles.

Petitioner has a 35 year non-aggravated offense. The offense itself is a Felony of 3rd degree, with the Punishment range 2-10 years. However, due to the use of prior convictions the court assessed Punishment at 35 years.

Petitioner has been considered for Parole Four times and is now currently under review for Parole. Petitioner has been incarcerated for 11 years 4 months.

Petitioner has always maintain employment in the outside. Petitioner has a work history and Barber College. Petitioner Has completed all TDCJ-ID Requirement—but a College Degree. However, Petitioner did sign up for College Vocational, But these are now suspended.

Petition asserts statisticly Petitioner is a low risk offender. And Because this risk of Being exposed, and infected could happen again, and Possibly cause death this court should order Release to Parole.

Whereas, to continue incarceration in the current conditions is 'Cruel and unusual Punishment" and is a violation of civil rights.

As the CDC and other Health Professionals continue to learn about this virus— we do not know what the long term effect will be after infection has Occurred, but what Petitioner contends that the conditions of Prison with no exercise, i.e no outdoor access, cold or luke warm food, mask are not CDC approved, unable to social distance, no legitimate medical attention.(among other things); Parole is reasonable.

-7-

# PRAYER

WHerefore PREMISE CONSidered, PETiTiONER Prays that this Court would ORDER his Release to special Condition Parole and address the Merits OF TDCJ-ID Deliberate indifference and EiGHTH AMENDMENT Clause Violation, Set forth herein.

RESPECTFully submitted,

PATRiCK BERNARD INGram
(TDCJ #1669001)
C.T. Terrell
1300 FM 655
RosHaron, TX 77583

STATE OF TEXAS
Brazario COuNTY

## UNSWORN Declaration

I, PATRiCK BERNARD INGRAM, TDCJ NO. 1669001, Am the PETiTiONER. Being incarcerated at the C.T. Terrell unit in Rosharon, TEXAS. Declare under the Penalty OF PERJury that the Foregoing are true and Correct to the best OF my Knowledge

Executed 20TH day of July 2020

Patrick BERNARD INGram

July 20, 2020

U.S. DISTRICT COURT
OFFICE OF THE CLERK
1100 Commerce - Room 1452
DALLAS, TEXAS 75242

RECEIVED

JUL 2 4 2020

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Re: Patrick B. Ingram, TDCJ NO. 1669001

DEAR CLERK,

Please find enclosed Petitioners "MOTION
For Injunction Relief", which is a refiling of Petitioners
Previous motion seeking special condition Parole"
Please file this for the courts consideration.
Thank you for your attention in this matter.

Sincerely,

PATRICK B. INGRAM
LTDCJ NO. 1669001
C.T Terrell unit
1300 FM 655
RosHaron, TX 77583

Patrick R. Ingram #1669001
C.T. Terrell
1300 FM 655
Rosharan, TX 77583

JUL 24 2020

TO: UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
NORTHERN DISTRICT OF TEXAS
1100 Commerce - Room 1452
Dallas, TEXAS 75242-1495


